Johnson, J.
Plaintiff in' error was duly appointed by the solicitor of the city of Cincinnati as one of the assistant city solicitors and was designated by the solicitor to act as prosecuting attorney of the police court of the city. He assumed his office on January 1, 1908, and performed its duties during 1908 and 1909. ( It is shown by an agreed statement of facts in the case *490 that he received the salary fixed by the city and that the county commissioners in their semi-annual appropriation passed resolutions appropriating $400 for the police prosecutor, without designating the name of the person to whom such money was to be paid.
The agreed statement further shows that during 1908 and 1909 warrants for said money were issued by the county auditor. The warrant for the first quarter of 1908, amounting to $200, was issued to the plaintiff in error and the money paid from the treasury of the county to him. Thereafter all warrants were issued to and cashed by the city solicitor of the city under whom the plaintiff in error was acting. The plaintiff in error claims that the compensation should have been paid to him, and he now claims the monthly installments for the balance of the year 1908 and for the whole of the year 1909. Plaintiff in error presented this claim to the county commissioners, which was disallowed, and the court of common pleas and circuit court sustained this position of the commissioners. This proceeding is brought to reverse the judgments below.
Pertinent parts of Section 1536-663, Revised Statutes, which was in effect at the time of the appointment, are as follows: “The solicitor shall also be prosecuting attorney of the police court, and shall receive for this service such compensation as council may prescribe, and such additional compensation as the county commissioners shall allow; provided, that where council allows an assistant or assistants to the solicitor, said solicitor may designate an assistant or assistants to act as *491 prosecuting attorney or attorneys of the police court. The duties of the solicitor as prosecuting attorney of the police court shall be such as are provided in Section 1813 of the Revised Statutes; such as are provided in this act, and in all other acts or parts of acts applying to all cities of the state and not inconsistent herewith. In case of the inability or absence of the' solicitor or any of his assistants to act as prosecuting attorney of the police court, the provisions of Section 1815 of the Revised Statutes shall apply.”
Section 1536-844, which is the same as Section 1813, provides that the prosecuting attorney of the police court shall prosecute all cases brought before that court and perform the same duties, as far as. applicable, as the prosecuting attorney of the county, and further provides for his compensation from the city and the commissioners.
Section 1815, Revised Statutes, which is the same as Section 1536-846, Revised Statutes, provides for the appointment by the police judge of a prosecuting attorney for the police court in case of a temporary inability or absence of such prosecuting attorney, or of a vacancy in the office.
Under the code of 1869 the offices of solicitor and prosecuting attorney of the police court in cities of the first class were distinct from each other and were elective. This continued until March, 1891, when an act was passed providing for the appointment of a prosecuting attorney of the police court by the mayor with the advice and consent of the board of legislation.
The cases of The State, ex rel., v. Jones, 66 Ohio St., 453, and The State, ex rel., v. Beacom, *492 66 Ohio St., 491, having declared invalid the classification by the legislature of municipalities beyond the classes authorized by the constitution, the municipal code of October 22, 1902, was enacted. The repealing clause of this act does not specify Section 1536-844 or Section 1536-846, being the sections referred to in the body of Section 1536-663. They are, therefore, still effective, and in so far as they may affect any of the provisions of Section 1536-663 must be considered in its construction. However, Sections 1536-844 and- 1536-846 were manifestly passed in contemplation of the fact that in certain cities to which they applied the office of prosecuting attorney of the police court was separate and distinct from that of city solicitor. The municipal code of October, 1902, whose paramount purpose was the abolishing of classification of cities, such as had prevailed theretofore, did not provide for the office of prosecuting attorney 'of the police court as it had existed before, but provided for the designation by the city solicitor of an assistant or assistants -for the performance of its duties. The solution of the question here, therefore, depends upon the construction of Section 1536-663, Revised Statutes. That section provides that the solicitor shall be prosecuting attorney of the police court and shall receive for this service such compensation as council may prescribe and such additional compensation as the county commissioners shall allow; provided that where council allows an assistant or assistants to the city solicitor, said solicitor may designate an assistant or assistants to act as prosecuting attorney of the police court. *493 Not much assistance can be had from discussion of the varying significance of a proviso in statutes. It is not to be interpreted in a purely technical sense, and generally its meaning must be gathered from the context of the statute in which it is found. The contention here is that as the statute enacts that the • solicitor shall be ‘prosecuting attorney, the status is not changed by the exercise of the authority conferred upon him in the proviso to designate an assistant to act as prosecuting attorney. Having in view the purpose of the legislation, the prior state of the law and the duties of the office, we think it is apparent that this statute was passed for the purpose of providing for the selection of the official named, and that when the city solicitor designated one of his assistants to act as prosecuting attorney, he clothed the designated person with all of the attributes of the office. Otherwise the proviso would have been wholly useless. The very purpose of having assistants to the solicitor, or any other public officer, is to secure the participation by them in the performance of the duties of the office. Without this proviso the city solicitor could, at any time, have assigned the performance of the duties of prosecuting attorney of the police court to some of his assistants. He could have called one of them to his aid in the performance of those duties as occasion might require, in the. same manner that he allots the trial of civil suits in which the city is a party, to his different assistants. It is well known that in many instances such assistants have full control of matters of great importance in the courts and elsewhere. They receive their author *494 ity to perform their duties solely because they are assistants and have been given the work to do by the city solicitor.
This proviso, we think, was intended to enable the solicitor to wholly separate himself from the duties of the office of prosecuting attorney of the police court, and in effect to make an appointment to that position.
It is urged that as the sole provision for compensation is found in the section referred to, which provides that the solicitor shall be prosecuting attorney “and shall receive for this service such compensation,” therefore the solicitor himself is the one to whom the compensation is given. But in the view we have taken the section gives him authority to appoint an assistant to “perform this service” and relieve himself from it. Manifestly the legislature intended that the one performing this service should receive the compensation. The language of the statute is “shall receive for this service such compensation.”
In the recent codification of the statutes the sections under investigation here are included in Sections 4306 and 4307, General Code. In Section 4306 it is provided that the solicitor may designate an assistant to perform such services, and in Section 4307 it is provided that the persons thus appointed shall be subject to approval of council and such assistants shall receive for their services in city cases such salaries as the council may prescribe, and the county commissioners may allow such further compensation as they deem proper.
Whatever consideration may be given to a general codification in the ascertainment of legislative. *495 intent- may be properly invoked here, although it must be conceded that in this instance the language employed in the codification is more explicit than in the original act.
For the reasons given the judgments of the circuit court and common pleas will be reversed and the cause remanded to the court of common pleas with instructions to enter judgment for plaintiff in error.

Judgments reversed.

Donahue, Wanamaeee and Newman, JJ., concur. Nichols, C. J., not participating.